## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROQUE "ROCKY" DE LA FUENTE | : | |
| | : | **CIVIL ACTION** |
| **PLAINTIFF,** | : | |
| | : | **No.1:16-cv-01696** |
| **v.** | : | **Judge Jones** |
| | : | |
| **PEDRO A. CORTÉS, in his official capacity** | : | |
| **as the Secretary of the Commonwealth of** | : | |
| **Pennsylvania; and JONATHAN MARKS,** | : | |
| **in his official capacity as Commissioner,** | : | |
| **of the Bureau of Commissions, Elections and** | : | *Filed Electronically* |
| **Legislation** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## AMENDED COMPLAINT FOR EMERGENCY MANDAMUS, INJUNCTIVE & DECLARATORY RELIEF

1.      Plaintiff, ROQUE "ROCKY" DE LA FUENTE (hereinafter either

"Roque De La Fuente" or "Mr. De La Fuente" ), by and through his undersigned

legal counsel, file this civil action for prospective equitable relief against

defendants, PEDRO A. CORTES, in his official capacity as the Secretary of the

Commonwealth of Pennsylvania and JONATHAN MARKS in his official capacity

as Commissioner of the Bureau of Commissions, Elections and Legislation,

requesting emergency mandamus, preliminary and permanent injunctions and

declaratory relief prohibiting defendant from enforcing 25 P.S. §§ 2911(e)(5),

2911(e)(6) and/or 2911.1 to the extent that either the statute or defendants'

improper interpretation of the challenged statute prohibits independent and/or political body candidates for President and Vice-President of the United States access to the Commonwealth's general election ballot that were: (a) presented as a candidate by nomination petitions for any public office to be voted for at the ensuing primary election; or (b) within 30 days of the Commonwealth's primary election for political parties, registered and enrolled members of political parties in states other than the Commonwealth of Pennsylvania.

## <u>NATURE OF THE COMPLAINT</u>

2.     This is an action to enforce rights guaranteed to plaintiff under: (1) the First and Fourteenth Amendments to the United States Constitution; (2) the Qualification Clause of Article II, Section 1of the United States Constitution; and (3) pendent state law claims that 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1 of the Pennsylvania Election Code do not apply to independent and political body candidates for President and Vice-President of the United States who were (a) presented as a candidate by nomination petitions for a presidential preference primary electing private party delegates to the Republican and/or Democratic national conventions at the ensuing primary election; or (b) within 30 days of the Commonwealth's primary election for political parties, registered and enrolled members of political parties in states other than the Commonwealth of Pennsylvania.

3.    The United States Supreme Court has clearly established that states have no interest or authority to impose state election laws to block candidates for President and Vice-President of the United States from the general election ballot.

4.    The United States Supreme Court has also clearly established that neither Congress or the States may not impose additional qualifications on candidates for federal office, including candidates for President and Vice-President of the United States, beyond those set forth in the Qualification Clauses of the United States Constitution.

5.    This is a civil rights action brought pursuant to 42 U.S.C. § 1983, seeking prospective equitable relief for emergency mandamus, injunctive and declaratory relief that 25 P.S. §§ 2911(e)(5), 2911(e)(6) and 2911.1 impair clearly established rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution, and the Qualification Clause of Article II, Section 1 of the United States Constitution.

6.    Plaintiff asks this Court for emergency mandamus relief ordering defendants to immediately accept plaintiff's nomination papers for President and Vice-President of the United States for the Commonwealth's 2016 general election ballot.

7.    Plaintiff also requests that this Court enter preliminary and permanent injunctive relief enjoining defendants, in violation of the First and Fourteenth

Amendments to the United States Constitution and the Qualification Clause of
Article II, Section 1 of the United States Constitution, from enforcing 25 P.S. §§
2911(e)(5), 2911(e)(6) and 2911.1 against independent and political body
candidates for President and Vice-President of the United States who were
either: (a) presented as a candidate by nomination petitions for a presidential
preference primary electing private party delegates to the Republican and/or
Democratic national conventions at the ensuing primary election; or (b) within 30
days of the Commonwealth's primary election for political parties, registered and
enrolled members of political parties in states other than the Commonwealth of
Pennsylvania.

8.     Plaintiff also asks this court to declare unconstitutional, under the
First and Fourteenth Amendments to the United States Constitution and the
Qualification Clause of Article II, Section 1 of the United States Constitution,
those provisions of 25 P.S. §§ 2911(e)(5), 2911(e)(6) and 2911.1 prohibiting
independent and political body candidates for President and Vice-President of the
United States access to the Commonwealth's general election ballot who were
either: (a) presented as a candidate by nomination petitions for any public office to
be voted for at the ensuing primary election; or (b) within 30 days of the
Commonwealth's primary election for political parties, registered and enrolled

members of political parties in states other than the Commonwealth of Pennsylvania.

9.     In the alternative, plaintiff request immediate mandamus, preliminary and permanent injunctions and declaratory relief that 25 P.S. §§ 2911(e)(5), 2911(e)(6) and 2911.1 does not authorize defendants from prohibiting independent and political body candidates for President and Vice-President of the United States access to the Commonwealth's general election ballot who were on the Commonwealth's presidential preference primary and/or, within 30 days of the Commonwealth's primary election for political parties, registered and enrolled members of political parties in states other than the Commonwealth of Pennsylvania.

10.    All of plaintiffs' allegations are based upon information and belief.

## JURISDICTION

11.    Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction of all civil actions arising under the Constitution of the United States and, with respect to mandamus, 28 U.S.C. § 1361.

12.    Jurisdiction also lies in this Court as this action implicates ballot restrictions imposed on candidates for federal office in excess of the Qualification Clauses of the United States Constitution.

13.     Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as plaintiff alleges violation of rights guaranteed to him under the First Amendment, as applied to the States by the Fourteenth Amendment to the United States Constitution.

14.     Jurisdiction of this court to adjudicate pendent state law claims in this action arise under 28 U.S.C. §1367(a), is authorized by Fed.R.Civ.P. 18(a) and is mandatory under the doctrine of supplemental jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  The pendent state law claims in this action arise out of a common nucleus of operative facts as the federal questions in this complaint and the state law claims form part of the same case or controversy.

## VENUE

15.     Venue is proper in the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1391 as defendants exercise their authority within the Middle District of Pennsylvania, maintain offices within this district and all of the operative acts or omissions have or will occur in this district.

## PARTIES

16.     Plaintiff, Roque De La Fuente, is an independent candidate for President of the United States in the 2016 general election.  Plaintiff is a resident of the State of Florida residing at 625 West Winter Park Street, Orlando, Florida.

17.     Defendant Pedro Cortes is Secretary of the Commonwealth of Pennsylvania.  Defendant Cortes is the Commonwealth's chief election official and has ultimate authority over the enforcement of the Pennsylvania Election Code and, more specifically, the challenged provision codified oat25 P.S. § 2911.1. Plaintiff assert his claims against defendant Cortes in his official capacity only. Defendant Cortes address is 2601 North 3rd Street, Harrisburg, PA  17110.

18.     Defendant Jonathan M. Marks is Commissioner of the Pennsylvania Bureau of Commissions, Elections and Legislation.  Commissioner Marks is in charge of reviewing and accepting nomination papers for independent and political body candidates seeking access to the Commonwealth's 2016 presidential ballot. Commissioner Marks' business address is 210 N. Office Building, Harrisburg, Pennsylvania, 17120.

## FACTUAL ALLEGATIONS

19.     Plaintiff is an independent candidate for the Office of President of the United States in the 2016 general election.

20.     Plaintiff is a registered and enrolled member of the Florida Democratic Party.

21.     Plaintiff was a candidate for the nomination of the Democratic Party for President of the United States.

22.    Plaintiff was on the Pennsylvania primary election ballot seeking the nomination of the Democratic Party for President of the United States.

23.    On or about August 1, 2016, plaintiff's agents timely filed with defendants, pursuant to 25 P.S. § 2911 (a) – (e), nomination papers containing over 5,000 valid signatures of qualified electors of the Commonwealth of Pennsylvania naming plaintiff as a candidate for President of the United States, and a slate of presidential electors pledged to cast their vote for plaintiff if elected to the Electoral College to be included on the Commonwealth's 2016 general election ballot.

24.    Based on information and belief, defendants' rejected plaintiff's nomination papers for President of the United States, citing the fact that plaintiff had appeared on the Commonwealth's 2016 Democratic presidential preference primary electing delegates to the Democratic National Convention and extending enforcement of 25 P.S. § 2911(e)(5) to primary elections for the election of internal party offices.

25.    In addition, as a enrolled member of the Florida Democratic Party within 30 days of the Commonwealth's primary election, plaintiff believes that defendants may, in the alternative, reject plaintiff's qualification to appear on the Commonwealth's general election ballot through enforcement of 25 P.S. §§ 2911(e)(6) and/or 2911.1.

26.     The Qualification Clause of Article II Section 1 of the United States Constitution establishes the exclusive qualifications for candidates seeking the offices of President and Vice-President of the United States of America.

27.     Article II, Section 1 of the United States Constitution provides, in relevant part that:

> "No person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States."

28.     Plaintiff has never been a registered and enrolled member of any party within the jurisdiction of the Commonwealth of Pennsylvania.

29.     Plaintiff has never been a registered and enrolled member of any political party which has qualified as a party within the meaning of 25 P.S. §§ 2911(e)(6), 2911.1, 2602(n), and  2831.

30.     25 P.S. § 2911(e)(6) provides that nomination papers may not be submitted by a candidate for a general or municipal election who was a registered and enrolled member of a party thirty (30) days before the primary held prior to the general or municipal election in that same year;

31.     25 P.S. § 2911.1 provides, in relevant part, as follows:

> "Any person who is a registered and enrolled member of a party during any period of time beginning with thirty (30) days before the primary and extending through the general or municipal election of that same year shall be ineligible to be the candidate of a political body in a general or

9

municipal election held in that same year nor shall any person who is a registered and enrolled member of a party be eligible to be the candidate of a political body for a special election."

32.    25 P.S. § 2602(n), part of the "Definitions" section of the Pennsylvania Election Code, provides as follows:

"The word **"party"** shall mean a political party, as defined in section 801 of this act."

33.    Section 802 "of this act" is codified at 25 P.S. § 2831, which provides, in relevant part, as follows:

"(a) Any party or political body, one of whose candidates at the general election next preceding the primary polled in each of at least ten counties of the State not less than two per centum of the largest entire vote cast in each of said counties for any elected candidate, and polled a total vote in the State equal to at least two per centum of the largest entire vote cast in the State for any elected candidate, is hereby declared to be a political party within the State….

(b) Any party or political body, one of whose candidates at either the general or municipal election preceding the primary polled at least five per centum of the largest entire vote cast for any elected candidate in any county, is hereby declared to be a political party within said county….

(c) Any political body which is not a political party, as hereinabove defined, but which has nominated candidates for such general or municipal election by nomination papers in the manner provided by this act, shall be deemed to be a political body within the meaning of this act…."

34.    On or about August 8, 2016, plaintiff sent a Demand Letter to defendant Cortes demanding that defendant reverse his office's decision to reject plaintiff's nomination papers.

35.     In response to plaintiff's Demand Letter, defendant Cortes refused to reverse the decision of his office to reject plaintiff's nomination papers.

36.     The United States Supreme Court has held that States have no authority to impose any additional qualifications on candidates for federal office beyond those qualifications enumerated in the various Qualification Clauses of the United States Constitution.

37.     The United States Supreme Court has also held that in the context of a Presidential election, state-imposed restrictions implicate a uniquely important national interest as the election for President is determined beyond the borders of the Commonwealth and the impact of the votes cast in each State is affected by the votes cast for President in other States such that enforcement of the Commonwealth's more stringent ballot access requirements has an impact beyond its own borders rendering the Commonwealth's interests in regulating Presidential elections less important than in the regulation of state and local elections.

38.     The First and Fourteenth Amendments to the United States Constitution protect the right to access the Commonwealth's general election ballot.

39.     The First and Fourteenth Amendments to the United States Constitution protect the rights of voters, where elections are permitted by the States, to cast meaningful votes for candidates of their choice.

40.     Defendants' enforcement of 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1, as applied to independent and political body candidates for President and Vice-President severely impairs rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

41.     To the extent that defendants enforce provisions of 25 P.S. §§ 2911(e)(6) and /or 2911.1 to disqualify plaintiff from the Commonwealth's 2016 general election ballot based on plaintiff's registration status as a registered and enrolled member of the Florida Democratic member constitutes an additional qualification for the Office of President of the United States beyond the qualifications enumerated under the Qualification Clause of Article II, Section 1 of the United States Constitution.

42.     Defendants' enforcement of 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1, as applied to independent and political body candidates for President and Vice-President, violates the Qualifications Clause of Article II, Section 1 of the United States Constitution.

43.     Defendants lack the statutory authority under 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1 to reject plaintiff's nomination papers.

44.     Under the express terms of 25 P.S. §2911(e)(5), defendants' challenged interpretation of the statute does not authorize defendants to disqualify plaintiff for the Commonwealth's 2016 general election ballot for President, by

rejecting his nomination papers, for the sole reason that his name appeared on the 2016 Democratic presidential primary for the election of party political offices which are private political positions and not public offices.

45.     Furthermore, under the express terms of 25 P.S. §§ 2911(e)(6) and 2911.1, defendants' challenged interpretation of the statute does not authorize defendants to disqualify plaintiff for the Commonwealth's 2016 general election ballot for President, by rejecting his nomination papers, for the sole reason that he is a registered and enrolled member of the Florida Democratic Party because the Florida Democratic Party has not qualified as a "party" within the meaning of 25 P.S. §2911.1 as defined by the Pennsylvania Election Code.

46.     Plaintiff has no other adequate remedy at law.

## CONSTITUTIONAL CLAIMS

### COUNT I
**(Constitutional Challenge to 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1 As Applied to Independent and Political Body Candidates for President and Vice-President of the United States in Violation of the First and Fourteenth Amendments to the United States Constitution)**

47.     Plaintiff reasserts each preceding allegation as if set forth fully herein.

48.     Defendants' interpretation and application of 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1 to disqualify plaintiff from the Commonwealth's general election ballot for President and Vice-President of the United States, as applied to plaintiff and independent and political body candidates, imposes a severe

impairment to rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

49.     The restriction placed on access to the Commonwealth's general election ballot by defendants' interpretation and application of 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1, as applied to plaintiff and independent and political body candidates for President and Vice-President of the United States, is not narrowly tailored to advance a compelling governmental interest.

50.     The restriction placed on access to the Commonwealth's general election ballot by defendants' interpretation and application of 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1, as applied to plaintiff and independent and political body candidates for President and Vice-President of the United States, is not necessary to advance any legitimate state regulatory interest.

51.     Accordingly, defendants' enforcement of 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1 is the direct and proximate cause of the impairment of rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution for which plaintiff hereby requests relief.

## COUNT II
**(Defendants' Interpretation and Enforcement of 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1, As Applied to Independent and Political Body Candidates for President and Vice-President of the United States, Violates Plaintiff's Rights Under the Qualification Clause of Article II, Section 1 of the United States Constitution)**

52.     Plaintiff reasserts each preceding allegation as if set forth fully herein.

14

53.    Defendants' interpretation and application of 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1 to disqualify plaintiff from the Commonwealth's general election ballot for President and Vice-President of the United States, as applied to plaintiff and independent and political body candidates, constitutes an additional qualification for the Offices of President and Vice-President of the United States beyond those enumerated under Article II, Section 1 of the United States Constitution.

54.    Accordingly, defendants' enforcement of 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1 is the direct and proximate cause of the impairment of rights guaranteed to plaintiff under the Qualification Clause of Article II, Section 1 of the United States Constitution for which plaintiff hereby requests relief.

## PENDENT STATE LAW CLAIMS

### COUNT III
**(Defendants' Interpretation and Enforcement of 25 P.S. § 2911(e)(5), As Applied to Independent and Political Body Candidates for President and Vice-President of the United States, Is Not Authorized by the Pennsylvania Election Code)**

55.    Plaintiff reasserts each preceding allegation as if set forth fully herein.

56.    Defendants' lack authority under 25 P.S. § 2911(e)(5)  to disqualify plaintiff from the Commonwealth's general election ballot for President of the United States for the sole reason that he appeared on the 2016 Democratic

presidential preference primary electing party delegates to the Democratic National Convention.

57.     Accordingly, defendants' disqualification of plaintiff from the Commonwealth's general election ballot violates 25 P.S. § 2911(e)(5) of the Pennsylvania Election Code for which plaintiff hereby requests relief.

## COUNT IV
**(Defendants' Interpretation and Enforcement of 25 P.S. §§ 2911(e)(6) and/or 2911.1, As Applied to Independent and Political Body Candidates for President and Vice-President of the United States, Is Not Authorized by the Pennsylvania Election Code)**

58.     Plaintiff reasserts each preceding allegation as if set forth fully herein.

59.     Defendants' lack authority under 25 P.S. §§ 2911(e)(6) and/or 2911.1 to disqualify plaintiff from the Commonwealth's general election ballot for President of the United States for the sole reason that he is a registered and enrolled member of the Florida Democratic party.

60.     Accordingly, defendants' disqualification of plaintiff from the Commonwealth's general election ballot violates 25 P.S. §§ 2911(e)(6) and/or 2911.1 of the Pennsylvania Election Code for which plaintiff hereby requests relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a.      Enter emergency mandamus relief ordering defendants to accept plaintiff's nomination papers within three (3) business days after entry by this Court of a Writ of Mandamus;

b.      Enter a preliminary injunction, enjoining defendants from enforcing 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1 against plaintiff;

c.      Permanently enjoin defendants from enforcing 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1 against independent and political body candidates for President and Vice-President of the United States;

d.      Permanently enjoin defendants from enforcing 25 P.S. §§ 2911(e)(6) and/or 2911.1 against independent and political body candidates for President and Vice-President of the United States who are registered and enrolled members of political parties outside the jurisdiction of the Commonwealth of Pennsylvania;

e.      Declare 25 P.S. §§ 2911(e)(5), 2911(e)(6) and/or 2911.1 unconstitutional as applied to independent and political body candidates for President and Vice-President of the United States;

f.      Award plaintiff the cost of this action together with their reasonable attorneys' fees and expenses pursuant to 42 U.S.C. §1988; and,

g.      Retain jurisdiction of this action and grant plaintiff such other relief which may in the determination of this Honorable Court to be necessary and proper.

Respectfully submitted,

Dated:      August 18, 2016          ___/S/ *Paul A. Rossi*_____
Paul A. Rossi, Esq.
*Attorney for Plaintiffs*
Attorney I.D. # 84947
IMPG Advocates, Inc.
873 East Baltimore Pike, Suite #705
Kennett Square, PA  19348
717.961.8978
Paul-Rossi@comcast.net

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on August 18, 2016, he personally caused to be served upon defendants a true and correct copy of the foregoing Amended Complaint via United States Postal Service First Class mail at the following address:

Secretary of the Commonwealth Cortes         Commissioner Marks
401 North Street                                 401 North Street
Harrisburg, PA  17120                      Harrisburg, PA  17120

The undersigned counsel also certifies that on August 18, 2016, he sent a true and correct copy of the foregoing Amended Complaint to defendants' legal counsel via email.  When defendants' counsel enter their appearance they will have constructive service via the Court's ECF system.

Respectfully submitted,

Dated:  August 18, 2016              _____/s/*Paul A. Rossi*_____
                                     PAUL A. ROSSI, ESQUIRE
                                   **ATTORNEY FOR PLAINTIFF**
                                   PA ATTORNEY ID # 84947
                                   IMPG Advocates, Inc.
                                   873 East Baltimore Pike, Suite #705
                                   Kennett Square, PA  19348
                                   717.961.8978  Email:  Paul-Rossi@comcast.net