## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROQUE "ROCKY" DE LA FUENTE | : | |
| | : | **CIVIL ACTION** |
| **PLAINTIFF,** | : | |
| | : | **No.1:16-cv-01696** |
| **v.** | : | **Judge Jones** |
| | : | |
| **PEDRO A. CORTÉS, in his official capacity** | : | |
| **as the Secretary of the Commonwealth of** | : | |
| **Pennsylvania; and JONATHAN MARKS,** | : | |
| **in his official capacity as Commissioner,** | : | |
| **of the Bureau of Commissions, Elections and** | : | *Filed Electronically* |
| **Legislation** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), plaintiff hereby

respectfully submits this Memorandum in support of his Motion for Leave to File

Second Amended Complaint.

## PROCEDURAL POSTURE

Plaintiff filed suit on August 15, 2016 seek an emergency, preliminary and

permanent injunctive relief and declaratory judgment that Sections 2911(e)(5),

2911(e)(6) and 2911.1of the Pennsylvania Election Code to be in violation of the

Qualification Clause for Presidential candidates of Article II, Section 1 of the

United States Constitution, as well as pendent state law claims. After a conference

call held by this Court on August 16, 2016 and brief by the parties, this Court issued a Stay of these proceeding on September 14, 2016, to permit state courts to rule on plaintiff's state law claims.  After the filing of a joint status report by the parties on November 11, 2016 this Court entered an Order lifting the Stay on November 15, 2016.  During the pendency of the Stay, plaintiff became aware through depositions taken in another action pending before Judge Kane of this Court, that plaintiff had additional valid constitutional claims that 25 P.S. §§ 2869(a) and 2911(d) impaired rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.  In mid-December, plaintiff also announced that he intended to seek the 2020 Democratic Party nomination for President of the United States and, should he fail to secure the 2020 Democratic Party nomination that he would run as an independent candidate for President of the United States in the 2020 general election.  Plaintiff further determined that he would not contest for 2020 delegates in states that disqualified primary election candidates from the general election ballot to ensure that he could qualify in all 50 states for the 2020 presidential general election.

Plaintiff alerted the Court that he would seek to amend the pleadings and the Court order that any such amendment be accomplished through a motion for leave to file an amended complaint.  On December 1, 2016 defendants filed a motion and brief in support to dismiss the instant action. On December 16, 2016, this Court

extended the time for plaintiff to respond to defendants' motion to dismiss until January 9, 2017.  Plaintiff filed the instant motion to file a Second Amended Complaint on January 9, 2017.

## SUMMARY OF ARGUMENT

As this Court is fully aware, Federal Rule of Civil Procedure 15(a) contemplates that a court will freely grant leave to file an amended complaint when the interests of justice so require.  Additionally, the Third Circuit has a liberal policy of allowing amendments to a complaint.  Granting this motion allows plaintiffs to describe in further detail the constitutional claims that have come to his attention as a result of his 2016 campaign for President of the United States and why this Court retains jurisdiction over those claims and the need to adjudicate those claims in advance of the 2020 presidential elections.  Plaintiff's Second Amended Complaint obviates defendants' jurisdictional objections detailed in their pending motion to dismiss and will prevent this Court from need to rely on the "capable of repetition yet evading review" exception to the mootness doctrine.  Accordingly, plaintiff's proposed Second Amended Complaint is a more efficient response to defendants' motion to dismiss than a brief in opposition which would not be able to argue all of the relevant un-plead facts that require the further amendment of the pleadings.

# ARGUMENT

## I.  The Efficient Administration of Justice Requires That Plaintiff be Granted Leave to File a Second Amended Complaint.

Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be "freely given when justice so requires."  This standard is readily met here, as the more detailed factual and legal allegations which have, of necessity, could have only developed upon the conclusion of the 2016 presidential election with the election of Donald J. Trump of Hillary Clinton, provide sufficient factual allegations that this Court retains jurisdiction over this action and that plaintiff's claims need to be adjudicated before the 2020 presidential general election to permit plaintiff to continue to strategic planning for the 2020 campaign.

Furthermore, the additional factual allegations are a more efficient response to defendants' pending motion to dismiss because defendants' claim that the instant action is moot is conclusively obviated by plaintiff's proposed Second Amended Complaint.  While plaintiff would content that this Court retains jurisdiction over the allegations included in the Amended Complaint, without the inclusion of the additional facts which have developed since the conclusion of the 2016 general election, and made part of plaintiff's Second Amended Complaint, this Court would have to decide if the "capable of repetition yet evading review" exception to the mootness doctrine applied to plaintiff's Amended Complaint.

Plaintiff's Second Amended Complaint established that plaintiff's claims remain justiciable and are not moot.

## II. Defendants Will Not Suffer Substantial Prejudice & There is No Other Reason Plaintiff Should Not Be Given Leave to File a Second Amended Complaint.

The United States Supreme Court determined that "[i]n the absence of …undue delay, bad faith or dilatory motive…undue prejudice…futility of amendment, ect. – the leave sought should… be 'freely given.'" *Forman v. Davis*, 371 U.S. 178, 182 (1962). The Third Circuit has adopted the Supreme Court's standard for permitting free leave to file amended pleadings. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)

This action is less than five month old. This case was subject to a Stay requested by defendants until November 15, 2016 and no scheduling Order has been issued in this case establishing any deadline to file amended pleadings.

Plaintiff did not win the 2016 presidential election and his plans to compete for the 2020 presidential Democratic Party nomination, and if necessary, the general election as an independent candidate for President of the United States could only have been decided upon after the conclusion of the 2016 general election. Thereafter, in mid-December, plaintiff began to take concrete actions to lay the ground-work for his 2020 presidential campaign by summoning aids and

advisors to meetings to begin the process of building a campaign infrastructure for the 2020 presidential election.

Given that the 2016 presidential election only concluded on November 8, 2016, it can hardly be argued that plaintiff has engaged in any kind of undue delay or has been dilatory in establishing his plans for the 2020 presidential election giving rise to the facts, allegations and new claims made part of plaintiff's Second Amended Complaint.

Furthermore, plaintiff's legal counsel has taken extensive steps during late November and December (and in the midst of the Christmas and New Year's holiday season) to establish through direct investigation that plaintiff's plans to contest the 2020 presidential election are concrete and confirmed sufficient to advance the factual allegations and claims made part of plaintiff's Second Amended Complaint.

Plaintiff intends to litigate on the basis of the proffered Second Amended Complaint, and the need to file a further amendment to conform the pleadings to any facts that may arise in the discovery process, plaintiff does not anticipate the need for any additional amendment to the pleadings should this Court grant the requested leave to file plaintiff's Second Amended Complaint.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff's Motion for Leave to File a Second

Amended Complaint should be granted.

Respectfully submitted,

Dated:  January 9, 2017                     _____/s/___Paul Rossi_____
                                            Paul A. Rossi, Esq.
                                            *Counsel for Plaintiff*
                                            IMPG Advocates, Inc.
                                            873 East Baltimore Pike, Suite #705
                                            Kennett Square, PA  19348
                                            717.961.8978
                                            Paul-Rossi@comcast.net

## <u>CERTIFICATE OF SERVICE</u>

Plaintiff's undersigned legal counsel hereby certifies that on January 9, 2017, a true and correct copy of the foregoing document was served on opposing counsel via the Court's ECF system.

Dated:  January 9, 2017           /s/   *Paul Rossi*

Paul A. Rossi, Esq.