## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROQUE DE LA FUENTE, | : | 1:16-cv-1696 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| PEDRO A. CORTES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM & ORDER

### April 24, 2017

The above-captioned action commenced with the filing of a Complaint

requesting emergency mandamus, injunctive and declaratory relief on August 15,

2016. (Doc. 1). On August 18, 2016, Plaintiff Roque de la Fuente ("Plaintiff")

filed an Amended Complaint alleging that Defendants Pedro A. Cortes[1] and

Jonathan M. Marks[2] ("Defendants") wrongly interpreted and applied Pennsylvania

election laws to Plaintiff's presidential campaign. (Doc. 4). In our Memorandum

and Order of September 15, 2016 (doc. 15), we stayed the case *sub judice*, finding

---

[1] Defendant Pedro A. Cortes is Secretary of the Commonwealth of Pennsylvania and the Commonwealth's chief election official. According to Plaintiff, Defendant Cortes has ultimate authority over the enforcement of the Pennsylvania Election Code. (Doc. 25-1, ¶ 18).

[2] Defendant Jonathan M. Marks is Commissioner of the Pennsylvania Bureau of Commissions, Elections and Legislation. According to Plaintiff, Defendant Marks is in charge of reviewing and accepting nomination papers for independent and political body candidates seeking access to the Commonwealth's presidential ballots. (Doc. 25-1, ¶ 19).

that unsettled issues of state law existed such that our abstention was warranted under the *Pullman* Abstention Doctrine.

On November 14, 2016, the parties filed a Joint Status Report (doc. 16), indicating that Plaintiff had filed a complaint in the Commonwealth Court and that the parties' disagreements over the correct interpretation of 25 P.S. § 2911(e)(5) had been ruled upon.  Plaintiff elected not to appeal the court's determination; rather, the parties concur that the only remaining issues now in dispute are Plaintiff's federal constitutional claims.  (Docs. 16 and 17).  Accordingly, on November 15, 2016, this Court lifted the stay imposed by our prior Order.  (Doc. 18).  By the same Order, we also terminated Defendants' initially filed Motion to Dismiss (doc. 10) and set a new briefing schedule.  Plaintiff was advised that, to the extent he sought to file a Second Amended Complaint, he should file a Motion for Leave to Amend.

Since that time, both parties have filed several motions now pending before this Court.  On November 30, 2016, Plaintiff filed a Motion for Extension of Time (doc. 19) seeking to extend Defendants' time to file a motion to dismiss, ostensibly as a gesture of good will towards Defendants.[3]  In a response filed the same day

---

[3]   By our Order of November 15, 2016, we had indicated that Defendants should file a revised motion to dismiss no later than December 1, 2016.  (Doc. 18).  Plaintiff expressed his intent to file a Motion to Amend his operative complaint no later than December 2, 2016, and his opinion that:

> professional and judicial economy would seem to militate in favor of extending the
> Court's Order granting defendants until December 1, 2016, to file defendants' motion to

(doc. 20), Defendants opposed the Motion, and filed their currently pending Motion to Dismiss (doc. 21) one day later.

Plaintiff's Motion to Amend was not forthcoming on December 2, 2016. Indeed, it was not filed until January 9, 2017. (Doc. 25). Plaintiff also filed an opposed Motion for Extension of Time to file a brief in response to Defendants' Motion to Dismiss. (Doc. 27). In response to this flurry of filings, the Court stayed all applicable briefing deadlines pertaining to Defendants' Motion to Dismiss and instead ordered Plaintiff's Motion to Amend to be fully briefed. (Doc. 29). Parties have since complied with this directive and a full complement of briefing now appears on the docket. (Docs. 26, 30, and 31). Accordingly, the Motion to Amend is now ripe for our review. For the reasons that follow, the Motion shall be granted.

## I.  BACKGROUND

At the time the Amended Complaint was filed, Plaintiff was an independent candidate for the Office of the President of the United States. (Doc. 4, ¶ 19). To that end, Plaintiff sought a position on the election ballot in the Commonwealth of Pennsylvania for the Presidential Election in November 2016. However, Plaintiff was and still is a registered and enrolled member of the Florida Democratic Party,

---

dismiss plaintiff's (First) Amended Complaint to Friday, December 9, 2016, so that defendants do not have to file a motion and brief seeking to dismiss a pleading which may be superseded by a further amended pleading . . . .
(Doc. 19, ¶ 6).

and had previously run in the Democratic Primary in the Commonwealth of

Pennsylvania as a candidate for the presidential nomination earlier in 2016.  (*Id.*,

¶¶ 20-21; doc. 25-1, ¶ 17).  Although Plaintiff participated in the Democratic

Primary, he did not succeed in procuring the nomination and finished third out of

three candidates.  (Doc. 11, p. 2).

On August 1, 2016, Plaintiff's agents filed nomination papers with

Defendants' offices, seeking to procure for Plaintiff a position on the presidential

ballot as an independent candidate.  (Doc. 4, ¶ 23).  Plaintiff's nomination papers

were rejected, however, with Defendants "citing the fact that [P]laintiff had

appeared on the Commonwealth's 2016 Democratic presidential preference

primary electing delegates to the Democratic National Convention and extending

enforcement of 25 P.S. § 2911(e)(5)[4] to primary elections for the election of

internal party offices." (*Id.*, ¶ 24).  The rejection notification further advised

Plaintiff that "the candidate may file a mandamus action in Commonwealth Court

asking the court to order the Secretary of the Commonwealth to accept the

nomination paper."  (Doc. 11, p. 5).

As noted above, on August 18, 2016, Plaintiff filed an Amended Complaint

with this Court, arguing that the Pennsylvania election laws as interpreted by

---

[4]    25 P.S. § 2911(e)(5) is known as Pennsylvania's "sore loser" law, and prevents a
candidate who gained access to the primary ballot and lost from gaining access to the general
election ballot as a minor party candidate.  (Doc. 30, p. 6).

Defendants unconstitutionally impose additional qualifications on candidates for federal office in violation of the Qualification Clause of Article II and the First and Fourteenth Amendments of the United States Constitution. (Doc. 4, ¶¶ 51, 53-54). Plaintiff also argued that Defendants lack statutory authority under the express terms of 25 P.S. § 2911(e)(5) to disqualify Plaintiff from running as an independent, either because Plaintiff also ran in the 2016 Democratic Presidential Primary, or because Plaintiff is a registered member of the Florida Democratic Party. (*Id.*, ¶ 44, 45). To remedy these alleged violations, Plaintiff requested emergency mandamus relief ordering Defendants to accept Plaintiff's nomination papers; injunctive relief enjoining Defendants from enforcing 25 P.S. §§ 2911(e)(5) and (6) and § 2911.1; and a declaration that 25 P.S. §§ 2911(e)(5) and (6) and/or § 2911.1 are unconstitutional as applied to independent and political body candidates for President and Vice President of the United States. (*Id.*, ¶ 60).

As noted, the action was referred to the Commonwealth Court. On October 12, 2016, the Commonwealth Court "rejected [P]laintiff's claim that 25 P.S. § 2911(e)(5) did not apply to presidential candidates." (Doc. 16, pp. 2-3). As such, the remaining issues involve Plaintiff's federal constitutional challenges to the Pennsylvania election laws. Plaintiff now seeks to file a Second Amended Complaint, which both clarifies and modifies his original constitutional claims and adds eight (8) additional causes of action. Plaintiff seeks to challenge a variety of

Pennsylvania elections laws both facially and as applied to independent and political body candidates for President and Vice-President of the United States.

## II.    DISCUSSION

Where a party moves for leave to amend after the scheduling deadline has elapsed, a court must analyze the request under Rules 15 and 16 of the Federal Rules of Civil Procedure.  Rule 15 of the Federal Rules of Civil Procedure relevantly provides that a party may amend its pleading with the court's leave, which should be freely given "when justice so requires."  FED. R. CIV. P. 15(a)(2). A district court may deny leave to amend where the plaintiff's delay in pursuing amendment is "undue, motivated by bad faith, or prejudicial to the opposing party," or where amendment would be futile for failing to state a cause of action. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  *See generally Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend the complaint] sought should, as the rules require, be 'freely given.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

At bottom, the touchstone for denial of leave to amend is prejudice to the nonmovant, *see Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978), and an opposing party must show that it "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)) (internal quotation marks omitted). As to futility, a proposed amendment should be denied if it will not cure the deficiency in the original complaint or if the amended complaint would not withstand a motion to dismiss. *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citation omitted).

In the instant case, Defendants argue that Plaintiff's Motion to Amend should be denied because Plaintiff has not acted diligently to add the new constitutional challenges he asserts against 25 P.S. § 2869(a) in Counts VII through X. (Doc. 30, p. 14). Defendants also emphasizes that "Plaintiff's claims are wholly unrelated to the reason that Defendants did not accept his nomination papers last summer." (*Id.*, p. 15). Finally, Defendants argue that the Court should deny Plaintiff's Motion to Amend because any amendments to his pleadings are futile.

While we agree with Defendants that Plaintiff has had ample opportunity to bring several of the constitutional claims he now asserts in his proposed amendments in either his Complaint or his Amended Complaint, we reiterate that the touchstone of a court's consideration of leave to amend is prejudice to the opposing party. *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). Without such prejudice, leave should be freely granted. Defendants have not shown by their arguments that Plaintiff has failed to act diligently that Defendants will be prejudiced by our granting of Plaintiff's Motion. *See Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990) ("In order to make the required showing of prejudice, regardless of the stage of the proceedings, . . . [the non-movant] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed.").

Similarly, though indeed Plaintiff's new constitutional claims are unrelated to Defendants' refusal to accept Plaintiff's nomination papers in the summer of 2016, hearing those arguments now will not prejudice Defendants and they are related to Plaintiff's claims for the next presidential campaign he alleges he intends to pursue. As such, we find Defendants' arguments well-founded but ultimately unpersuasive.

Having disposed of Defendants' first arguments, we turn to Defendants' proposition that allowing Plaintiff to amend his Amended Complaint would be

futile.  In support of their position, Defendants argue many of the substantive

points set forth in their currently pending Motion to Dismiss (doc. 21), including

assertions that Plaintiff's constitutional challenges to the "sore loser" provision of

Pennsylvania law are barred by *res judicata* and the Rooker-Feldman Doctrine,

and that they are meritless due to numerous cases finding the provision to be

constitutional.

These complex arguments speak to the merits of Plaintiff's Amended

Complaint.  The need for this Court to rule upon these arguments would not be

obviated by our denial of Plaintiff's Motion to Amend.  Thus, we decline to

address them here and instead observe that Plaintiff's proposed amendments speak

primarily to Defendants' argument of mootness.  Defendants argue in their Motion

to Dismiss that the conclusion of the 2016 presidential election and Plaintiff's

status as a past, but not a current, candidate has rendered Plaintiff's claims moot.

Plaintiff seeks to redress that shortcoming with newly proffered information about

his intention to run for the Democratic nomination for President in 2020.  (Doc.

25-1, ¶ 17).  Defendant's secondary futility argument suggests that, even assuming

Plaintiff intends to run for president in 2020, Plaintiff would remain unable to

challenge Pennsylvania's Election Code because Plaintiff is no longer in the

posture that he was in 2016; he is no longer a failed primary candidate who seeks

to run in the general election as a minor party candidate. At this point then, Defendants argue, Plaintiff's harm is merely speculative.

Plaintiff does not respond to this argument; rather Plaintiff only alleges, without supportive case law, that a futility argument may be raised only after a court has fully adjudicated the merits of a claim and, thereafter, a plaintiff seeks to file an amended pleading. (Doc. 31, p. 12). We find no jurisprudence to support Plaintiff's argument. Rather, we reiterate that

> [a]n amendment is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted. In making this assessment, [a] court must use the same standard of legal sufficiency employed under Federal Rule of Civil Procedure 12(b)(6). In other words, "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."

*Trout v. Wentz*, No. 1:10-CV-439, 2011 WL 1842743, at *2 (M.D.Pa. May 16, 2011) (Conner, J.) (internal citations omitted).

Both parties go on to use the majority of their briefing to argue the merits of additional substantive challenges to Plaintiff's claims. However, without further briefing on the issue of mootness due to Plaintiff's lack of standing or harm, this Court is poorly positioned to make a ruling on Defendant's futility argument. Accordingly, we shall grant Plaintiff leave to file a Second Amended Complaint, which Defendants may then challenge through a motion to dismiss, if they so

choose. This route places the Court in a better position to consider these arguments, along with the multitude of others the parties have put forth.

## III.  CONCLUSION

For the foregoing reasons, we hold that Plaintiff's proposed amendments are not futile, Plaintiff has not engaged in undue delay, and there has been no demonstrable showing of prejudice to the opposing party.  As such, Plaintiff's Motion shall be granted.

### NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 25) is **GRANTED**.

2. Plaintiff **SHALL FILE** the Amended Complaint as attached to their Motion for Leave to File within twenty (20) days of the date of this order.

3. The Clerk shall **TERMINATE** Plaintiff's pending Motion for Extension of Time for Defendants to file a Motion to Dismiss, filed on November 30, 2016.  (Doc. 19).

4. Similarly, the Clerk shall **TERMINATE** Plaintiff's pending Motion for Extension of Time for Plaintiff to file a brief in opposition to Defendants' Motion to Dismiss.  (Doc. 27).

5.     The Clerk shall **TERMINATE** Defendants' pending Motion to

Dismiss.  (Doc. 21).


                                         s/ John E. Jones III
                                        John E. Jones III
                                        United States District Judge