IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROQUE "ROCKY" DE LA FUENTE : | |
| : | CIVIL ACTION |
| PLAINTIFF, : | |
| : | No.1:16-cv-01696 |
| v. : | Judge Jones |
| : | |
| PEDRO A. CORTÉS, in his official capacity : | |
| as the Secretary of the Commonwealth of : | |
| Pennsylvania; and JONATHAN MARKS, : | |
| in his official capacity as Commissioner, : | |
| of the Bureau of Commissions, Elections and : | *Filed Electronically* |
| Legislation : | |
| : | |
| DEFENDANTS. : | |

## MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

Plaintiff respectfully moves this Honorable Court to amend the judgment entered on August 21, 2017, granting Defendants' motion to dismiss Plaintiff's amended complaint, pursuant to Fed.R.Civ.P 12(b)(6). For the reason set forth below, Plaintiff asks this Court to: (1) Reverse and vacate the August 21, 2017 Order with respect to the constitutionality of 25 P.S. § 2869(a); and, (2) Permit Plaintiff to file a further amendment to the pleadings limited to (a) adding an allegation that neither the Pennsylvania Republican nor the Democratic parties have adopted party rules restricting the circulation of nominating petitions by non-party and unregistered voters; and, (b) adding registered and enrolled Republican and Democratic voters as additional Plaintiffs advancing claims under the Equal

Protection Clause of the Fourteenth Amendment to the United States Constitution that the Commonwealth's restriction, and Defendants' enforcement of the challenged restriction, prohibiting them from engaging in interactive communicative speech through the process of validly signing a nominating petition offered to them by unregistered voters denies them equal protection of the laws implicating fundamental rights guaranteed to them under the United States Constitution where Defendants are required to permit members of the Green and Libertarian parties to validly sign election petitions offer to them by unregistered voters.

## ARGUMENT

A motion pursuant to Rule 59(e) may be granted if the Court is presented with: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See,* Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The Court's Judgment with respect to the constitutionality of 25 P.S. § 2869(a) directly conflicts with the Supreme Court's decision in *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986), and must be reversed and vacated. Furthermore, neither the Pennsylvania Republican or Democratic parties have adopted any party rules seeking to exclude unregistered voters from circulating election petitions for their candidates to their members to permit their

party members to decide for themselves whether or not they want to sign a presented nomination petition, accordingly, under *Tashjian* 25 P.S. § 2869(a) is unconstitutional as the Commonwealth of Pennsylvania is not permitted to define and limit the associational rights of members of the Republican and Democratic parties to engage in interactive communicative speech with non-party members in the arena of election petition circulation. The failure of the Republican and Democratic parties to adopt rules seeking to exclude non-party members from the circulation of nomination petitions is a disputed issue of material fact which cannot be decided by this Court on a 12(b)(6) motion to dismiss. Accordingly, the Court's Judgment with respect to the constitutionality of 25 P.S. § 2869(a) constitutes a clear error of both law and fact warranting an amendment to the Court's Judgment under Rule 59(e) of the Federal Rules

I. **Judgment of the Court with Respect to Plaintiff's Challenge to the Constitutionality of 25 P.S. § 2869(a) Directly Conflicts with Supreme Court Precedent Established in *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986).**

In *Tashjian*, the Republican Party changed its party rules to permit non-party members to vote in their primary elections and successfully challenged a Connecticut's closed-primary statute as a violation of the First Amendment associational rights of party members. The Republican Party of Connecticut argued, and the Court agreed, that Connecticut's closed primary law impermissibly

burdens the right of its members to determine for themselves with whom they will associate.  The Supreme Court explained in *Tashjian* that:

> A major political party necessarily includes individuals playing a broad spectrum of roles in the organization's activities.  Some of the Party's members devote substantial portions of their lives to furthering its political and organizational goals, others provide substantial financial support, while others limit their participation to casting their votes for some or all of the Party's candidates.  Considered from the standpoint of the Party itself, the act of formal enrollment or public affiliation with the Party is merely one element in the continuum of participation in Party affairs, and need not be in any case the most important.
>
> *<u>Were the State to restrict by statute financial support of the Party's candidates to Party members, or to provide that only Party members might be selected as the Party's chosen nominees for public office, such a prohibition of potential association with nonmembers would clearly infringe upon the rights of the Party's members under the First Amendment to organize with like-minded citizens in support of common political goals</u>*.  As we have said, "[a]ny interference with the freedom of a party is simultaneously an interference with the freedom of its adherents." *Democratic Party of United States v. Wisconsin ex rel. LaFollette*, 450 U.S. 107, 122 (1981) (quoting *Sweezy v. New Hampshire*, 354 U.S. 234, 250 (1957).

*Tashjian* 479 at 214-15 (emphasis added).

   First, a quick and important  observation which this Court has heretofore completely failed to consider – if the United States Supreme Court has clearly articulated, in support of precedent which is binding on this Court, that a state's attempt by statute to limit major political party financial donors or nominees to enrolled party members would "**clearly infringe upon the rights of the Party's members under the First Amendment to organize with like-minded citizens in**

**support of common political goals**" then it is beyond logic that the state, by statute – without any party rule support – can constitutionally limit party members from signing nominating petitions offered to them to sign (or not sign) by anyone, including unregistered citizens of Pennsylvania – **especially when the non-party member circulating the nominating petition has been hired by AN ENROLLED PARTY MEMBER who is seeking his party's nomination via the collection of signatures restricted to party members.**  The fact that only party members may validly sign a major party's nominating petition fully satiates the party's First Amendment right to limit the **selection** of the party's nominee to party members.  The person holding the clipboard with a nominating petition attached is not part of the selection process of major political party nominees in Pennsylvania.

Back to the holding of precise in *Tashjian*, the United States Supreme Court held that a state cannot by statute limit the associational rights of a political party, and by extension the associational rights of individual party members.  The Commonwealth of Pennsylvania lacks the constitutional authority to set the limits of a major political party's association rights as it has done under 25 P.S. 2869(a). Just as Pennsylvania cannot constitutionally limit by statute financial support of a major political party's candidates to party members, it also cannot limit petition circulation support offered to major political party's candidates to party members.

To hold otherwise is simply a judicial act to ignore *Tashjian*.

Furthermore, because the party affiliation and/or registration status of election petition circulators either hired or volunteering for a major political party candidate's campaign has no substantive impact on the selection of a party's nominee[1] (because the only operative signatures on a nominating petition are the collective number of signatures of registered party members seeking to put one of their own on their primary election ballot) it is highly doubtful that a political party could even by party rule seek to extend the party's First Amendment control down to the lowly election petition circulator, but at a minimum, under *Tashjian*, absent a party rule seeking to exclude non-party or unregistered voters from circulating nominating petitions for their candidates the Commonwealth lacks constitutional authority to establish the restriction by statute.

---

[1] Based on Plaintiff counsel's research, not a single major political party in the 50 States outside of New York, has sought to exclude by party rule non-party or unregistered voters from circulating election petitions for their candidates – including major political parties in states with closed primary elections, which the parties in those states have vigorously defended in keeping.  Not a single case has ever been filed by a major political party seeking to force states to restrict circulators to enrolled party members, as they have done to keep closed primary elections.

 The fact is, and discovery will establish, that major political parties simply do not care and have not sought to establish their potential associational right to exclude any class of circulator from assisting their candidates in primary elections.  New York, which permits fusion candidates (where members of other political parties can seek the nomination of another political party) is the only odd bird and which renders application of *Maslow v. Board of Elections in City of New York*, 658 F.3d 291 (2nd Cir. 2011) factually distinguishable and inapplicable to the instant case.

Defendants have alleged and have not introduced any evidence (which they can't on a motion to dismiss) and cannot introduce any evidence that either the Republican or Democratic parties in Pennsylvania have adopted for themselves any party rule seeking to exclude any class of circulator from assisting their candidates in their quest to participate in their party's primary election. At a further minimum, this Court cannot resolve a factual issue against Plaintiff, especially one where the public record can establish that neither the Pennsylvania Republican or Democratic parties have adopted any party rule to exclude non-party members or unregistered voters from circulating nominating petitions for their candidates.

Other federal courts have expressly rejected state imposed restrictions on unregistered voters from circulating election petitions for major party candidates. In *Moore v. Johnson*, 2014 WL 4924409 (attached hereto as Exhibit A), the United States District Court for the Eastern District of Michigan granted an emergency injunction against a Michigan statute preventing unregistered voters from circulating election petitions for major party candidates (in that case Democrat Representative John Conyers) as unconstitutional under the First Amendment. Judge Leitman explained that:

> Plaintiffs here have shown a substantial likelihood of success. The Registration Statute is, in all material respects, indistinguishable from the statute held facially invalid by the United States Court of Appeals for the Sixth Circuit in *Nader v. Blackwell*, 545 F.3d 459 (6th Cir. 2008). The

7

> Sixth Circuit in *Nader* held that it was 'undisputable' that the plaintiff suffered a serious limitation on his First Amendment rights – a limitation triggering strict scrutiny – when the statute was applied so as to disqualify signatures gathered by nonregistered voters and to keep the candidate off the ballot. *Id.* at 475, 478. The Registration Statute was applied so as to disqualify Mr. Conyers' signatures and keep him off the ballot. *Nader* holds that this amounts to a severe burden on Mr. Conyers' First Amendment rights and requires the application of strict scrutiny. *Id*. The reasoning of *Nader* also compels the conclusion that application of the Registration Statute severely burdened the First Amendment rights of the Plaintiffs who gathered the signatures that were disqualified.
>
> The Registration Statute cannot survive strict scrutiny because it is not narrowly tailored to serve a compelling state interest….

*Moore v. Johnson*, 2014 WL 4924409 at *1 (E.D. Mich. May 23, 2014). *See also*, *Wilmoth v. Merrill*, 2016 WL 829866 (D. Conn. March 1, 2016)(enjoining Connecticut's state party registration requirement for circulators of election petitions for major party presidential candidates – and refusing to apply the 2nd Circuit's opinion in *Maslow* to Connecticut's statutory restriction on non-party members – a case settled on a consent order and not appealed by the State of Connecticut to the Second Circuit) (attached hereto as Exhibit B).

Accordingly, the Court's Judgment with respect to the constitutionality of 25 P.S. § 2869(a) must be amended, revered and vacated.

**II. In the Alternative, the Court Should Amend The Judgment To Permit A Further Amendment to the Pleadings.**

To the extent that that the Court requires a specific allegation in the pleadings that neither the Pennsylvania Republican nor Democratic parties have

adopted any party rule seeking to exclude non-party or unregistered voters from circulating nominating petitions for their candidates, Plaintiff respectfully request leave to further amend the pleadings to incorporate any such allegation. However, Plaintiff would note to the Court that the party rules for both of Pennsylvania's major political parties is publicly available and the Court can take judicial notice of the fact without further amendment of the pleadings.

To the extent that the Court does not grant Plaintiff's instant motion to amend the August 21, 2017 Judgment of the Court, Plaintiff respectfully requests leave to further amend the pleadings to add registered Republican and Democratic voters as new Plaintiffs to this action advancing claims that the 25 P.S. § 2869(a) violates their right to equal protection of the laws under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. If this Court is correct that 25 P.S. § 2869(a) is not unconstitutional under the First Amendment to the United States Constitution, then such a ruling immediately triggers an Equal Protection violation as to registered Republican and Democratic voters. If exclusion of non-party and unregistered voters by state statute is supported by some association right in the First Amendment, it is supported as a ballot access rule. Unlike ballot access rules, which depend on prior electoral success and/or showing a modicum of support sufficient to trigger ballot acess, association rights under the First Amendment are not subject to prior electoral

success. Accordingly, the associational rights of enrolled members of the Green and Libertarian parties to associate with non-party and unregistered circulators established in *Green Party of Pennsylvania v. Aichele*, 89 F.Supp. 3d 723 (E.D. Pa. 2015) trigger the right of Republican and Democratic Party members to complain that their rights to associate with non-party and unregistered voters to sign nomination petitions violates their right to equal treatment under the laws under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. "It is beyond doubt that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Fourteenth Amendment." *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 460 (1958). Since the Court's decision, Republican and Democratic voters angry that they cannot sign a nomination petition offered to them for their convenience if the circulator if an unregistered voter supporting their candidate – forcing them to track down an unknown party circulator – have expressed an intent to challenge the restriction on equal protection ground. Judicial economy militates in favor of an amended complaint in this action rather than a new action.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff's instant Motion should be granted.

Respectfully submitted,

Dated:  September 18, 2017          \_\_\_\_/s/\_\_ *Paul Rossi*_____
Paul A. Rossi, Esq.
*Counsel for Plaintiff*
873 East Baltimore Pike, Suite #705
Kennett Square, PA  19348
717.961.8978
Paul-Rossi@comcast.net

## **CERTIFICATE OF SERVICE**

Plaintiff's undersigned legal counsel hereby certifies that on September 18, 2017, a true and correct copy of the foregoing document was served on opposing counsel via the Court's ECF system.

Dated: September 18, 2017        /s/ *Paul Rossi*
                                 Paul A. Rossi, Esq.

## **CERTIFICATION**

Plaintiff, by and through his undersigned legal counsel, hereby certify that on September 18, 2017, he sought opposing counsel's concurrence in the foregoing motion. Opposing counsel, not surprisingly, declined the invitation to join in Plaintiff's instant motion.

Dated:  September 18, 2017                             ____/s/__*Paul Rossi*_____
                                                                               Paul A. Rossi, Esq.