# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROQUE "ROCKY" DE LA FUENTE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> PEDRO A. CORTÉS, in his official : <br> capacity as the Secretary of the : <br> Commonwealth of Pennsylvania;[1] and : <br> JONATHAN MARKS, in his official : <br> capacity as Commissioner of the : <br> Bureau of Commissions, Elections and : <br> Legislation, : <br> : <br> Defendants. : | 1:16-cv-01696 <br><br> Hon. John E. Jones III |

## MEMORANDUM & ORDER

### November 20, 2017

Presently pending before the Court is Plaintiff Roque "Rocky" De La Fuente's Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). (Doc. 44). For the reasons stated below, we shall deny Plaintiff's Motion.

**I.   BACKGROUND**

We fully set forth the facts of this case in our Order of August 21, 2017, (Doc. 43), and will only briefly summarize them here. Plaintiff was a candidate in

---

[1] Although this Court has not received any request for substitution, we note that Mr. Cortés is no longer Secretary of the Commonwealth. As of October 11, 2017, Mr. Robert Torres has assumed the role as Acting Secretary of the Commonwealth of Pennsylvania.

1

the 2016 election for President of the United States, seeking the Democratic nomination initially and later entering the general election as an independent candidate. In Pennsylvania, however, Plaintiff was barred by Pennsylvania's election laws from entering the general election as an independent because he had been on the Democratic primary ballot. Pennsylvania's election laws also prevented Republicans and unregistered qualified electors from circulating nominating petitions on his behalf while he was seeking the Democratic nomination.

Plaintiff initiated this matter by filing a Complaint on August 15, 2016, alleging several constitutional violations related to Pennsylvania's election laws. (Doc. 1). After Plaintiff filed two Amended Complaints, one by right, (Doc. 4), and one with leave of court, (Doc. 33), Defendants filed a Motion to Dismiss for failure to state a claim. (Doc. 34). We granted Defendants' Motion and dismissed the case on August 21, 2017. (Doc. 43). On September 18, 2017, Plaintiff filed a hybrid motion/brief requesting (1) that we reverse and vacate our August 21, 2017, order with respect to the constitutionality of 25 P.S. § 2869(a),[2] and (2) permit Plaintiff to further amend his twice-amended Complaint. (Doc. 44). The Motion has been fully briefed, (Docs. 45, 46), and is ripe for our review.

## II. DISCUSSION

---

[2] The cited provision requires that individuals circulating nominating petitions be qualified electors registered as members of the same party as the proposed nominee.

Plaintiff seeks reconsideration of our Order of August 21, 2017, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "A proper Rule 59(e) motion … must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). "'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *York International Corp. v. Liberty Mut. Ins. Co.*, 140 F.Supp.3d 357, 361 (M.D. Pa. 2015) (quoting *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)). "Reconsideration of a judgment is an extraordinary remedy, and courts should grant such motions sparingly. *Id.* "It follows from the remedial purpose of a Rule 59(e) motion that the standard of review relates back to the standard applicable in the underlying decision." *Id.* (citing *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003)). Thus, because the underlying order was decided according to the standard of review applicable to a motion made pursuant to Federal Rule of Civil Procedure 12(b)(6), that same standard of review guides our analysis here.

Notably, Plaintiff does not request reconsideration of every aspect of our prior order. Rather, Plaintiff focuses on our decision related to 25 P.S. § 2869(a), which pertains to the registration requirement for those circulating nominating

petitions. Plaintiff argues that this Court failed to consider what Plaintiff describes as "binding" precedent, specifically, the United States Supreme Court's decision in *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986).

In *Tashjian*, the Supreme Court analyzed factual circumstances that are different from those presented to us. There, the Republican Party of Connecticut adopted a party rule that would allow independent voters to vote for Republican candidates in the primaries. *Tashjian*, 479 U.S. at 210. The party rule conflicted with a state law that required voters in a party primary to be registered members of that party. *Id.* at 210-11. The Court reasoned that "[t]he Party's determination of the boundaries of its own association, and of the structure which best allows it to pursue its political goals, is protected by the Constitution." *Id.* at 224. Accordingly, the Court held that Connecticut's enforcement, "under these circumstances, of its closed primary system burdens the First Amendment rights of the Party." *Id.*

The circumstances here are clearly distinguishable. For one, the Pennsylvania law in question does not restrict who may vote in a party primary but merely requires that those circulating nominating petitions be registered members of the same party. Furthermore, Plaintiff's Second Amended Complaint stated no allegations that either the Republican or Democratic parties adopted party rules allowing non-party members to circulate nominating petitions. In fact, in his brief, Plaintiff states that "neither the Pennsylvania Republican or Democratic parties

have adopted any party rules seeking to exclude unregistered voters from circulating election petitions for their candidates to their members.…" (Doc. 44, p. 2). However, silence on the part of the two major parties is not on par with a direct conflict in which a state's election law directly prohibits an associational decision made by a political party.

Plaintiff largely states his argument by pointing to dicta[3] and by enlarging the limited holding of *Tashjian*. We do not read *Tashjian* as creating a bright-line rule, however. Indeed, the Court specifically acknowledges that evaluating the constitutionality of election laws is done on a case-by-case basis, where the facts are of paramount importance. *See Tashjian*, 479 U.S. at 214. The facts here are of a different flavor than those presented in *Tashjian* and, thus, we do not find that the Court's holding there is binding on our determination here. Plaintiff has not met the high burden attendant to a Rule 59(e) motion and, thus, we shall deny Plaintiff's Motion with respect to amending our prior order.

---

[3] Plaintiff quotes the following from the Supreme Court's opinion: "Were the State to restrict by statute financial support of the Party's candidates to Party members, or to provide that only Party members might be selected as the Party's chosen nominees for public office, such a prohibition of potential association with nonmembers would clearly infringe upon the rights of the Party's members under the First Amendment to organize with like-minded citizens in support of common political goals." *Tashjian*, 479 U.S. at 215. First, it should go without saying that we are not bound by dicta. Second, the implications of restricting financial support in the political process seems to go far beyond what we are facing here and, thus, analogizing the two is improper. Therefore, we are not persuaded that the Supreme Court's hypothetical scenario directs our decision here.

Plaintiff also requests, in the same motion, that we permit him to further amend his complaint to (1) add an allegation that neither the Republican nor the Democratic Party has adopted party rules excluding non-party members from circulating nomination petitions and (2) add new plaintiffs to advance an equal protection claim. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "'If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.'" *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "'[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules.'" *Id.* (quoting *Foman*).

To begin, we note, again, that Plaintiff already has been afforded two opportunities to amend his complaint. Furthermore, we are not persuaded that Plaintiff's proposed allegations state a plausible claim for relief. With regard to the party rules allegations, Plaintiff appears to offset his failure to properly state the

allegation in his first three complaints by suggesting that we should simply take judicial notice of the parties' rules because they are public record. Plaintiff never previously requested that we take judicial notice, however, and we would remind Plaintiff that it is not the Court's burden to fulfill his pleading obligations. Furthermore, an allegation that neither party has sought to exclude non-party circulators still does not allege a conflict between the intentional boundaries of a party's association and Pennsylvania's election laws. Thus, we are left with the same analysis set forth in our previous order: absent a showing, or at least an allegation, that 25 P.S. § 2869(a) is preventing a political party from defining its associational boundaries in a contrary manner, we see no constitutional violation.

      Similarly, with respect to the proposed equal protection claim, Plaintiff's proposal to add new plaintiffs and advance an equal protection claim is not compelling. Plaintiff confusingly states that, if § 2869(a) is constitutional then that triggers an equal protection claim. Section 2869(a), however, pertains to *circulators* and Plaintiff's equal protection claim relates to who may *sign* nominating petitions. Thus, we fail to see how § 2869(a) gives rise to such an equal protection claim. Plaintiff cites *Green Party of Pennsylvania v. Aichele*, 89 F.Supp.3d 723 (E.D. Pa. 2015) as support, but Plaintiff's reliance on *Green Party* is off point. The sections of the opinion that appear to relate to our discussion concern (1) a prohibition on qualified electors signing more than one nomination

paper and (2) a requirement that qualified electors be registered voters prior to signing nomination papers. Both sections pertain to who may *sign* petitions, not *circulate* them.

Nevertheless, looking at the first relevant section, the Eastern District held that the prohibition on signing more than one nomination paper was unconstitutional *as applied* but not facially. There, the court specifically noted the difference in ballot access for a minor party candidate compared to a major party candidate. *See Green Party*, 89 F.Supp.3d at 749 ("Defendants fail to explain how this regulation – which leaves major political party members free to sign nomination papers for one candidate while voting for another in primaries but prevents minor party members from doing so – ensures viable candidates by limiting ballot access or avoids ballot clutter."). Thus, the regulation, as applied, resulted in a significantly higher burden on minor parties than on major parties. Plaintiff, however, is stating his claim relative to the *major political parties*, which the Eastern District clearly did not include in its holding. As to the second relevant section, the Eastern District actually upheld the registration requirement.

In sum, Plaintiff has had ample opportunity to properly plead his case and has failed to do so. Plaintiff has not persuaded this Court that the proposed "amendments" will sufficiently correct omissions and deficiencies of prior

Case 1:16-cv-01696-JEJ   Document 47   Filed 11/20/17   Page 9 of 9

complaints to properly assert his claims. Accordingly, we shall deny Plaintiff's request for leave to amend.

### III.    CONCLUSION

For the reasons stated above, we shall deny Plaintiff's Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Amend or Alter Judgment Pursuant to Rule 59(3), (Doc. 44), is **DENIED.**

       s/ John E. Jones III
John E. Jones III
United States District Judge